UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERNARD CLEMENTS, JR.<br><br>Plaintiff,<br><br>v.<br><br>MILOUS JAMES IVORY, et al.,<br><br>Defendants. | Case No. 24-cv-04601-AMO<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 29 |

Before the Court is Plaintiff George Bernard Clements, Jr.'s motion for $20,650.33 in attorney's fees which Plaintiff seeks to recover as a result of Defendant Milous James Ivory's three failed removal attempts. ECF 29. On January 23, 2025, Ivory filed an opposition to the instant motion (ECF 30),[1] and on January 27, 2025, Clements filed a reply (ECF 31). The motion is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. This Order assumes familiarity with the facts and history of this case. Having read the parties' papers and carefully considered the arguments therein and the relevant legal authority, the Court hereby **GRANTS IN PART** Clements's motion for the following reasons.

Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Court previously noted, Ivory's repeated removals on the same basis were a tactic to delay proceedings in state court. ECF 16 at 1. Accordingly, the Court may award attorney's fees for work performed related to removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (holding courts may award attorney's fees where "the removing party lacked an objectively

---

[1] While pro se Defendant Ivory's opposition was filed a day late, the Court nonetheless considers the arguments made therein.

reasonable basis for seeking removal").

The Court denied without prejudice Clements's first motion for attorney's fees, ECF 18, as it did not meet the requirements of Civil Local Rule 54-5. *See* ECF 28. Clements's instant motion has cured those defects. First, Clements's counsel's submissions include a statement that they made a good faith effort to arrange a conference with Ivory for the purpose of attempting to resolve any disputes with respect to the motion. Civ. L.R. 54-5(a); *see* Decl. of Tanner Brink (ECF 29-2) ¶ 6; Decl. of Tanner Brink (ECF 31-1) ¶ 4.[2]

Second, the instant motion complies with Civil Local Rule 54-5(b)(2), which requires that any motion for attorney's fees include "a statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained." Attached to Clements's motion is a declaration by counsel explaining how the time records were kept and maintained, as well as invoices itemizing the costs and fees incurred. Clements states that he has incurred $17,395.33 in attorney's fees and expenses related to the three improper removal attempts, including drafting filings and preparing for hearings at a rate of $465/hour, and incurring filing fees. ECF 29 at 3; Decl. of Tanner Brink (ECF 29-2) ¶ 7. While Ivory argues Clements's counsel's invoices are improperly "block billed," and thus reduction or elimination of the hours claimed is warranted, ECF 30 at 6, the Court finds the invoices are sufficiently itemized to "determine how much time was spent on particular activities." *Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

However, further review of the invoices leads the Court to conclude that Clements is not entitled to all the fees and costs requested. Of the $17,395.33 requested, the Court finds that $9,021.00 was incurred from work related to the improper removals, including researching and drafting the motion to remand and preparing Clements's first motion for attorney's fees. The

---

[2] While the description of these efforts in the motion and declaration in support initially submitted fail to state the number of times, much less the dates, Clements's counsel attempted to contact Ivory, the declaration in support of the reply sufficiently details the attempts to contact Ivory by sending an email and leaving a voicemail message on January 24, 2025. Decl. of Tanner Brink (ECF 31-1) ¶ 4. This satisfies the requirement of Local Rule 54-5(a).

2

Court finds those fees may properly be awarded. The remainder of the fees and costs sought all appear to relate to a motion for summary judgment filed in state court. The Court has no manner of assessing the reasonableness of those fees and costs, and Clements has cited no authority to support the Court's granting those fees and costs. Accordingly, the Court declines to grant them. Finally, Clements seeks an additional $3,255 in fees based on an additional seven hours counsel represented he intended to spend reviewing any opposition and preparing and attending the court hearing. ECF 29 at 4. As the Court vacated the hearing on this motion, *see* ECF 32, it declines to award the anticipated fees. *See Smith v. Smith*, No. 21-cv-8691-TSH, 2021 WL 4485717, at *1 (N.D. Cal. Nov. 30, 2021) (excluding an award of attorney's fees anticipated fees for reviewing an opposition, preparing a reply, and attending a hearing).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Clements's motion for attorney's fees, finding Clements is entitled to $9,021.00 in fees incurred due to Ivory's three improper removal attempts.

**IT IS SO ORDERED.**

Dated: February 18, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**